802 P.2d 430

**Alfredo ALVARADO, Petitioner,**

v.

**SUPERIOR COURT OF the STATE OF ARIZONA, In and For the COUNTY OF MARICOPA, the Honorable Ronald S. Reinstein, a Judge Thereof, Respondent Judge,**

**Superior Court of the State of Arizona, In and For the County of Maricopa, the Honorable Richard Keifer, a Commissioner Thereof, Respondent Commissioner,**

**The Honorable Richard M. ROMLEY, Maricopa County Attorney, Real Party in Interest.**

**No. 1 CA–SA 90–216.**

Court of Appeals of Arizona, Division 1, Department D.

Nov. 23, 1990.

Peter S. Balkan, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Arthur Hazelton, Deputy County Atty., Phoenix, for real party in interest.

## OPINION

KLEINSCHMIDT, Judge.

In this special action, we suggest a procedure for resolving confusion that has arisen because of an overlap between the Arizona Rules of Procedure for the Juvenile Court and the Arizona Rules of Criminal Procedure. We decide that when the juvenile court sets a juvenile's conditions of release upon transfer for prosecution as an adult, the conditions should not, as a matter of routine and absent the presentation of new matter bearing on the release decision, be reconsidered at the juvenile's initial appearance in the adult court. If the conditions of release set by the juvenile judge are to be modified, such should be done pursuant to Rule 7.4(c), Arizona Rules of Criminal Procedure.

### Background

The 15–year–old petitioner was charged with one count of first degree murder and two counts of aggravated assault. He was transferred by juvenile court for prosecution as an adult. Upon transfer, the juvenile judge set the petitioner's secured appearance bond at $27,400. After being transferred, the petitioner was brought before a commissioner for his initial appearance in adult court and his bond was reset at $372,400 pursuant to Rule 7.4(a), Arizona Rules of Criminal Procedure. Petitioner was not represented by counsel at

this proceeding, nor was notice of the proceeding given to his counsel.

The petitioner then filed a Motion for Clarification of Orders/Alternative Motion for Review of Conditions of Release in which he argued that a bond set by the juvenile judge should remain in effect upon transfer to the adult court. The gist of this motion was that, as a matter of policy, the bond should not have been increased at the initial appearance. After a hearing, the trial judge affirmed the higher bond set by the commissioner but offered to hold a hearing on the issue of modification of the bond. The petitioner's counsel informed the judge that the petitioner would probably be unable to raise any bond, and counsel declined the modification hearing because the posture of the case presented an opportunity to resolve whether the commissioner had acted properly, an opportunity which would be rendered moot by a modification hearing. The judge informed counsel that the offer for a modification hearing would remain open in the event the petitioner could raise money for the bond.

### Jurisdiction

The trial court's refusal to grant the petitioner's motion is not an appealable order. The petitioner appropriately proceeded by special action.

### Discussion

Rule 14(e), Arizona Rules of Procedure for the Juvenile Court, requires a juvenile judge who transfers a juvenile for prosecution as an adult to set the juvenile's bond. Rule 7.4(a), Arizona Rules of Criminal Procedure, provides that conditions of release are to be determined at a defendant's initial appearance. It is possible that this latter rule was adopted without consideration of the status of juveniles who are appearing in adult court for the first time following a transfer. As written, the rules of procedure for juvenile court and the criminal rules do not mesh perfectly in this area. In our opinion, the conditions of release should not be set *de novo* at a juvenile's initial appearance in adult court when the juvenile judge has set the conditions upon transfer.

The juvenile judge who sets a juvenile's bond before transferring the juvenile for adult prosecution has heard the evidence and considered the factors which bear on whether a juvenile should be transferred. The juvenile judge is in an excellent position to decide appropriate conditions of release because that judge has considered the seriousness of the alleged offense; the manner of its commission; the child's sophistication, maturity, and pattern of living; the physical, mental, and emotional condition of the child; the child's record and prior history; whether the child has been transferred previously for criminal prosecution; the prospects for adequate protection of the public and the likelihood of the child's rehabilitation; as well as any other relevant factors. 17B A.R.S., Juv.Ct. Rules of Procedure, Rule 14(c). As a practical matter, the judicial officer who presides at the initial appearance in adult court will usually not be nearly so well informed.

If, upon transfer, either party or the adult court is not satisfied with the conditions of release set by the juvenile judge, the procedures to modify those conditions embodied in Rule 7.4(c), Arizona Rules of Criminal Procedure, can be invoked. That rule provides for all parties to be heard. Under the procedure we have outlined, the juvenile's release conditions are set in an informed manner and those conditions should remain in effect until they are modified in an informed manner with an opportunity for the juvenile to have the assistance of counsel. This should be the usual course of events. In extraordinary cases, as where new information bearing on the issue of release comes to the attention of the judicial officer who conducts the initial appearance in adult court, we would not preclude that judicial officer from modifying the conditions set by the juvenile judge. Such modification should not, however, be a matter of routine.

We remand this case to the trial court with instructions to reinstate the juvenile's

bond as set by the juvenile court or to modify the bond pursuant to Rule 7.4(c).

CLABORNE and McGREGOR, JJ., concur.